1  Matthew Borden, Esq. (SBN: 214323)
2   borden@braunhagey.com
   David H. Kwasniewski, Esq. (SBN: 281985)
3   kwasniewski@braunhagey.com
4  BRAUNHAGEY & BORDEN LLP
   747 Front Street, 4th Floor
5  San Francisco, CA 94111
6  Telephone: (415) 599-0210
   Facsimile: (415) 276-1808
7
8  *Attorneys for Defendant*
   *LesserEvil LLC*
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVEH FASIH,<br><br>            Plaintiff,<br><br>       v.<br><br>LESSEREVIL LLC, a Connecticut limited liability company,<br><br>            Defendant. | Case No.: 24STCV13702<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of the State of California for the County of Los Angeles) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant LesserEvil LLC ("LesserEvil") hereby removes this action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This is a civil action where the plaintiff and defendant are citizens of different states and the amount in controversy would exceed $75,000. In accordance with 28 U.S.C. §1446(a), set forth below is a statement of the grounds for removal.

## NOTICE OF REMOVAL:

### I.   BACKGROUND

1. LesserEvil is a dynamic company dedicated to making delicious snacks with premium organic ingredients in an earth-friendly way.

2. LesserEvil makes popcorn and other snacks that are sold in sealed plastic pillow pouches. The pouches comply with labeling regulations, including by accurately disclosing the net weight of the product and the serving size and number of servings per package. Like any product that comes in a pouch, the product is not filled to the brim. Too much product would interfere with heat sealing the pouch. In addition, the product settles during shipping. Furthermore, having no empty space would make it difficult for consumers to open the bag without spilling the product.

3. Plaintiff Kaveh Fasih is an iterative litigant, who has filed many identical lawsuits against other small companies, each time claiming to be misled by finding the package that his product came in was not completely full.

4. Plaintiff commenced this action in the Superior Court of the State of California for the County of Los Angeles, captioned *Fasih v. LesserEvil LLC*, Case No. 24STCV13702 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the Complaint). Mr. Fasih served the Complaint on LesserEvil on July 1, 2024.

5. Like his other complaints, the Complaint against LesserEvil provides nothing more than generalized conclusory allegations that the slack fill in an unspecified LesserEvil product is nonfunctional and, thus, the packaging misled Plaintiff. (*E.g.*, Comp. ¶¶ 1, 3). Plaintiff brings a common law fraud claim and a claim for injunctive relief under the California Consumers Legal Remedies Act (CLRA). (Comp. ¶¶ 33–48). Plaintiff seeks injunctive relief requiring LesserEvil "to add a conspicuous 'fill line' to its packaging," the costs of which he seeks to limit to $25,000; "[a]ctual, statutory, and punitive damages;" and attorneys' fees and costs. (Comp., Prayer for Relief). Plaintiff's claims are meritless for many reasons, including because Plaintiff was not misled by LesserEvil's packaging and any slack fill in the LesserEvil's packaging is functional.

6. In addition to the Complaint described above, all other pleadings and accompanying materials filed in the State Court Action are attached hereto.

    A. The Civil Case Cover Sheet is attached hereto as **Exhibit B**;

    B. The Summons is attached hereto as **Exhibit C**;

    C. The Alternative Dispute Resolution Information Package is attached hereto as **Exhibit D**;

    D. The Notice of Case Assignment is attached hereto as **Exhibit E**;

    E. The Notice of Case Management Conference is attached hereto as **Exhibit F**, and,

    F. The Answer and Proof of Service filed by LesserEvil are attached hereto as **Exhibit G**.

## II. JURISDICTION AND VENUE

7. This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

8. Venue is proper in this Court because the Central District of California embraces the County of Los Angeles where the State Court Action was filed. *See* 28

U.S.C. § 84 (setting Los Angeles County in the Central District); *id*. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

### A. The Parties Are Citizens of Different States

9. An action is removable based on diversity jurisdiction if the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

10. Plaintiff alleges that he is a citizen and resident of California. (Comp. ¶ 4).

11. LesserEvil is a corporation incorporated in Connecticut and with a principal place of business in Danbury, Connecticut. (Declaration of Andrew Strife ("Strife Decl.") ¶ 2). LesserEvil is not incorporated in, nor does it have its principal place of business in California. A corporation is a citizen of every state in which it is incorporated and of the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). LesserEvil is, thus, a citizen of Connecticut and not a citizen of California for purposes of determining diversity.

12. As Plaintiff is a citizen of California and LesserEvil is a citizen of Connecticut, complete diversity of citizenship exists between the parties in this case.

### B. The Amount in Controversy Exceeds $75,000

13. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). To establish the amount in controversy exceeds the jurisdictional threshold of $75,000 pursuant to § 1332(a), a notice of removal "need not contain evidentiary submissions." *Id*. Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id*. at 89.

14.     While LesserEvil denies the allegations set forth in the Complaint and maintains that Plaintiff is not entitled to any relief he seeks, for the purposes of removal, "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if [he] prevails." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal citation omitted). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Woods v. CVS Pharmacy, Inc.*, No. CV 14-0259 PA RZX, 2014 WL 360185, at *2 (C.D. Cal. Jan. 30, 2014) (citation omitted); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 793. The relief Plaintiff seeks here, the cost of adding a fill line to the packaging, damages, punitive damages, and attorneys' fees, will exceed the jurisdictional amount of $75,000 exclusive of interest and costs. (Comp., Prayer for Relief).

15.     **Cost of Complying with Injunction Exceeds $75,000.** Here the costs of complying with the requested injunction alone would exceed $75,000. Adding a fill line to the LesserEvil packaging would be a complicated and time-consuming task. Plaintiff's Complaint does not specify the LesserEvil product that he purchased, but it includes a photograph of Paleo Puffs. His CLRA demand letter, however, represents that he bought popcorn. Regardless, both products are packaged in pliable pillow pouches and will settle during packaging, shipping, and handling. Because popcorn is variable in size and shape, among other factors, it settles in especially unpredictable ways. Adding a fill line to the packaging of either product would require LesserEvil to either design and manually add fill line stickers to the existing packaging or design new packaging with a fill line. It is estimated that this would

cost at least $80,000 to $100,000. Therefore, the costs to LesserEvil of complying with Plaintiff's requested injunctive relief—estimated at $80,000 to $100,000—alone will exceed $75,000.

16. LesserEvil submits a sworn declaration of its Chief Financial and Operating Officer in support of removal attesting to satisfaction of the amount in controversy: to add the purported fill line to the LesserEvil packaging, it would cost LesserEvil at least $80,000. (Strife Decl. ¶¶ 7-9).

17. **Attorneys' Fees Will Exceed $400,000.** Plaintiff's attorneys' fees are reasonably expected to exceed $400,000 based on their billing rate and the number of hours required to litigate this case. As explained by the Ninth Circuit, the amount in controversy includes future attorneys' fees. *See Fritsch*, 899 F.3d at 794 ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). Under the CLRA, "[t]he court shall award court costs and attorney's fees to a prevailing plaintiff in litigation." Cal. Civ. Code § 1780(e). A removing defendant can establish the likely attorneys' fees for purposes of determining the amount in controversy by identifying cases in which the plaintiff's counsel has requested similar fees. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020).

18. Plaintiff's lawyer was granted attorneys' fees in an individual action in the Central District of California at hourly rates of $850 in 2022. *Hedley & Bennett, Inc. v. Mejico*, No. EDCV22816JGBKKX, 2022 WL 2309891, at *2 (C.D. Cal. June 24, 2022). As his rate from two years ago, Plaintiff's lawyer would only need to bill 88.3 hours to exceed $75,000 in fees.

19. Plaintiff's attorney's fees will likely exceed $400,000 here, as Plaintiff's lawyer has already purportedly consulted with an expert to opine on the slack fill in LesserEvil's packaging, drafted and served a CLRA letter, drafted and served a complaint, and prepared other filings. Even if this only took an hour, this hour together with future time spent defending a motion to dismiss (estimated 25 hours),

conducting discovery and related motion practice (estimated 100 hours including propounding and responding to written discovery, collecting and reviewing documents, preparing for and defending depositions of Plaintiff and Plaintiff's expert, and taking the depositions of LesserEvil and its experts), defending a motion for summary judgment (estimated 50 hours), preparing for trial (estimated 100 hours), trying the case (estimated 100 hours including a pretrial conference, a full day of jury selection, and a three-day trial), and conducting post-trial motion practice (estimated 100 hours), will easily require Plaintiff's lawyer to expend at least 476 hours on this case.

20.  This estimate is reasonable because Plaintiff's law firm, Pacific Trial Attorneys, claims that it routinely takes cases to trial. For example, their website states that they have obtained multi-million dollar jury verdicts and settlements and have taken over a dozen cases to verdict under the Americans with Disabilities Act. Pacific Trial Attorneys, About Us, https://www.pacifictrialattorneys.com/about-us/.

21.  In evaluating the amount in controversy, Courts also look to jury awards of attorneys' fees in similar cases. *E.g.*, *Rushing v. Ross Dress for Less, Inc.*, No. 3:21-CV-01308-JR, 2021 WL 5989917, at *4 (D. Or. Dec. 2, 2021), *report and recommendation adopted*, 2021 WL 5989082 (D. Or. Dec. 17, 2021) (comparing attorneys' fees awarded in discrimination cases). A review of other CLRA cases confirms that attorneys' fees will likely exceed the jurisdictional amount as juries regularly award over $75,000 in attorneys' fees in CLRA cases in California. *E.g*, *DeNike v. Mathew Enterprise Inc.*, 14-CV-273438 (Cal. Super. 2019) (awarding $406,154 in attorney fees); *Quinones v. JE Grp. Inc.*, 19STCV19704 (Cal. Super. 2022) ($237,901 in attorney fees); *Van Dyke v. Suburban Motors Inc.*, 34-2013-00147081 (Cal. Super. 2019) ($319,600 in attorney fees); *Wilkinson vs. S&C Ford Inc.*, CGC-06-458397 (Cal. Super. 2009) ($158,746 in attorney fees). Therefore, based on Plaintiff's lawyer's rate, the number of hours required to litigate the case, and jury awards in other CLRA cases, it is reasonable to value Plaintiff's attorneys'

NOTICE OF REMOVAL

Case No. 24STCV13702

fees request in his prayer for relief above $75,000.

22. Injunctive relief or attorneys' fees alone, and certainly when combined, and including damages and punitive damages, will exceed $75,000. Therefore, Plaintiff's pleaded assertions and theories of recovery establish the amount in controversy exceeds $75,000.

23. **Plaintiff's Non-Binding Cap on Damages and the Cost of Injunctive Relief Does Not Change the Jurisdictional Amount.** Plaintiff cannot avoid removal by merely stating that he "does not seek in excess of $75,000 in damages" and asserting that the "minor injunctive relief requested … can be accomplished for less than $25,000" (Comp. ¶ 48). First, as noted, attorneys' fees alone will exceed $75,000 and plaintiff has not placed a cap on those fees.

24. In addition, plaintiff's purported cap on the cost of injunctive relief does not reduce the amount in controversy because it is not a legally binding stipulation, *see Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013), and it does not change the "the potential cost to the defendant of complying with the injunction," *Rodriguez v. Foot Locker Corp. Servs., Inc.*, No. CV 20-8536-MWF (KSX), 2020 WL 6818448, at *2 (C.D. Cal. Nov. 20, 2020). For example in *Rodriguez*, the plaintiff sought an injunction requiring defendant to make its website fully accessible to blind individuals and expressly limited the costs of complying with that injunctive relief to $15,000. Defendant submitted a declaration stating that it would cost over $75,000 to make its website fully accessible. The Court held that the potential cost to Defendant was over $75,000 and, therefore, the cost of the injunction was sufficient to establish the amount-in-controversy requirement. *Id*.

25. Similarly, Plaintiff cannot control the cost of adding a fill line to the LesserEvil packaging. As explained above, there is nothing "minor" about his requested injunctive relief and it will cost LesserEvil at least $75,000 to comply. Removal is proper where, as here, LesserEvil provides "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89.

### III. LESSEREVIL HAS MET ALL PROCEDURAL REQUIREMENTS

26. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

27. This Notice of Removal has been filed within 30 days of July 1, 2024, the date Plaintiff served the Complaint on LesserEvil and from which it was first ascertainable this case was removable. *See* 28 U.S.C. § 1446(b)(2)(3).

28. Copies of "all process, pleadings, and orders served upon" LesserEvil are attached as **Exhibits A through G**. *See* 28 U.S.C. § 1446(a).

29. Promptly after filing this Notice of Removal in the United States District Court for the Central District of California, LesserEvil will provide written notice thereof to Plaintiff and will file a copy of the Notice of Removal bearing this Court's "FILED" stamp with the Clerk of the Superior Court of the State of California for the County of Los Angeles, to effectuate the removal of this action to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §1446(d).

### IV. RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

30. LesserEvil expressly reserves all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of LesserEvil' defenses. LesserEvil also reserves its right to amend or supplement this Notice of Removal.

### CONCLUSION

WHEREFORE, Defendant LesserEvil hereby removes this case from the California Superior Court for the County of Los Angeles to this Court.

Dated: July 31, 2024

Respectfully Submitted,

BRAUNHAGEY & BORDEN LLP

By: */s/ David. H. Kwasniewski*
David H. Kwasniewski

*Attorney for Defendant LesserEvil LLC*